MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace [MF-8436]
60 East 42nd Street, Suite 2540
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
BOLIVAR RAMIRO BUELE CALLE,
*individually and on behalf of others similarly situated,*

                              *Plaintiff,*

       -against-

CROSSROADS SUPER BUFFET INC. (d/b/a
SUPER BUFFET) and HUI YANG

                              *Defendants.*
-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Bolivar Ramiro Buele Calle ("Plaintiff Buele" or "Mr. Buele") individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon information and belief, and as against Super Buffet (d/b/a Crossroads Super Buffet Inc.) ("Defendant Corporation") and Hui Yang, alleges as follows:

**NATURE OF THE ACTION**

1.    Plaintiff Buele is a former employee of defendants Crossroads Buffet Inc. (d/b/a Super Buffet) and Hui Yang, (collectively, "Defendants").

2. Super Buffet is a restaurant located at 425 Tarrytown Road, White Plains, NY 10607 under the name Super Buffet.

3. Upon information and belief, individual defendant Hui Yang, serve or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4. Plaintiff Buele was employed as a dishwasher, food preparer, cook, porter and handyman.

5. At all times relevant to this Complaint, Plaintiff Buele worked for defendants in excess of 40 hours per week, without appropriate minimum wage or overtime compensation for the hours he worked.

6. Rather, defendants failed to maintain accurate recordkeeping of the hours worked, and failed to pay Plaintiff Buele appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7. Further, defendants failed to pay Plaintiff Buele the required "spread of hours" pay for any day in which he worked over 10 hours per day.

8. Defendants' conduct extended beyond Plaintiff Buele to all other similarly situated employees.

9. At all times relevant to this Complaint, defendants maintained a policy and practice of requiring Plaintiff Buele and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

10. Plaintiff Buele now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor

Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

11. Plaintiff Buele seeks certification of this action as a collective action on behalf of himself individually and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Buele's state law claims under 28 U.S.C. § 1367(a).

13. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and defendants operate a restaurant located in this district. Further, Plaintiff Buele was employed by defendants in this district.

## THE PARTIES

*Plaintiff*

14. Plaintiff Bolivar Ramiro Buele Calle ("Plaintiff Buele" or "Mr. Buele") is an adult individual residing in Westchester County, New York.

15. Plaintiff Buele was employed by defendants from approximately December 2004 until on or about January 2017.

16. Plaintiff Buele consents to being party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17. At all relevant times, defendants owned, operated, or controlled a restaurant located at 425 Tarrytown Rd., White Plains, NY 10607 under the name "Super Buffet."

18. Upon information and belief, Crossroads Super Buffet Inc. (Defendant Corporation) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 425 Tarrytown Rd., White Plains, NY 10607, and its corporate headquarters at the same address.

19. Defendant Hui Yang, is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

20. Defendant Hui Yang is sued individually in his capacity as owner, officer and/or agent of defendant Corporation.

21. Defendant Hui Yang possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controls significant functions of Defendant Corporation.

22. Defendant Hui Yang determined the wages and compensation of the employees of Defendants, including Plaintiff Buele, established the schedules of the employees, maintained employee records and had the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

23. Defendant operates a restaurant located in the town of White Plains in Westchester County.

24. Individual defendant, Hui Yang possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

25. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

26. Defendants' possessed substantial control over Plaintiff Buele's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Buele, and all similarly situated individuals, referred to herein.

27. Defendants employed Plaintiff Buele (and all similarly situated employees) and were Plaintiff Buele's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

28. In the alternative, defendants constitute a single employer of Plaintiff Buele and/or similarly situated individuals.

29. Upon information and belief, individual defendant Hui Yang operates Defendant Corporation as either an alter ego of himself and/or fail to operate defendant Corporation as an entity legally separate and apart from himself, by among other things:

    a. failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a corporation,

    b. defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c. transferring assets and debts freely as between all Defendants,

    d. operating Defendant Corporation for his own benefit as the sole or majority shareholder,

    e. operating Defendant Corporation for his own benefit and maintaining control over it as a closed corporation,

    f. intermingling assets and debts of his own with Defendant Corporation,

    g. diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

    h. other actions evincing a failure to adhere to the corporate form.

30. At all relevant times, defendants were Plaintiff Buele's employer within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Buele, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Buele's services.

31. In each year from 2011 to 2017, defendants had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

32. In addition, upon information and belief, defendants and/or their enterprises were directly engaged in interstate commerce. As an example, numerous items that are used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

33. Plaintiff Buele is a former employee of defendants, who was employed as a dishwasher, food preparer, cook, porter, and handyman.

34. Plaintiff Buele seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Bolivar Ramiro Buele Calle*

35. Plaintiff Buele was employed by Defendants from approximately January 2004 until on or about January 2017.

36. Defendants employed Plaintiff Buele as a dishwasher, food preparer, cook, porter and handyman.

37. Plaintiff Buele's work duties required neither discretion nor independent judgment.

38. Throughout his employment with defendants, Plaintiff Buele regularly worked in excess of 40 hours per week.

39. From approximately January 2011 until on or about January 2017, Plaintiff Buele worked from approximately 10:30 a.m. until on or about 10:30 p.m. on Mondays, Thursdays, and Sundays, from approximately 10:30 a.m. until on or about 11:30 p.m. or 12:00 a.m. Tuesdays Wednesdays, Fridays, and Saturdays (typically 88 to 90 hours per week).

40. In addition, from approximately July 2013 until on or about September 2013, Plaintiff Buele worked an additional two hours 2 days a week (typically 94 hours per week).

41. Throughout his employment with defendants, Plaintiff Buele was paid his wages in cash.

42. From approximately January 2011 until on or about January 2017, defendants paid Plaintiff Buele a fixed salary of $1,800 per month.

43. Plaintiff Buele's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

44. Specifically, defendants sometimes required Plaintiff Buele to arrive as early as 8:00 a.m. or 9:00 a.m. and to leave 30 minutes to 2 hours and a half past his scheduled departure time, and did not pay him any additional pay.

45. Similarly, on numerous occasions defendants required Plaintiff Buele to continue working until approximately 2:00 a.m. to 6:00 a.m. fixing damaged equipment.

46. In addition, defendants did not pay Mr. Buele for his last four weeks of work and thus owe him an additional $1,800.00.

47. Defendants did not grant Plaintiff Buele any breaks or meal period of any kind.

48. No notifications, either in the form of posted notices or other means, were ever given to Plaintiff Buele regarding overtime and wages under the FLSA and NYLL.

49. Plaintiff Buele was not required to keep track of his time, nor to his knowledge did the defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

50. Furthermore, defendants never provided Plaintiff Buele with a statement of wages with each payment of wages, as required by NYLL 195(3).

51. Defendants never gave any notice to Plaintiff Buele, in English and in Spanish (Plaintiff Buele's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1)

52. Defendants required Plaintiff Buele to purchase "tools of the trade" with his own

funds-including work gear.

*Defendants' General Employment Practices*

53. At all times relevant to this Complaint, defendants maintained a policy and practice of requiring Plaintiff Buele (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, overtime, and spread of hours pay as required by federal and state laws.

54. Plaintiff Buele was a victim of defendants' common policy and practices which violated his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

55. Defendants' pay practices resulted in Plaintiff Buele not receiving payment for all his hours worked, resulting in Plaintiff Buele's effective rate of pay falling below the required minimum wage rate.

56. Defendants habitually required Plaintiff Buele to work additional hours beyond his regular shifts but did not provided him with any additional compensation.

57. Defendants did not compensate Plaintiff Buele for the last month of work.

58. As part of their regular business practice, defendants intentionally, willfully, and repeatedly harmed Plaintiff Buele by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

59. Plaintiff Buele was paid his wages entirely in cash.

60. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and the New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

61. Upon information and belief, these practices by defendants were done willfully to disguise the actual number of hours Plaintiff Buele (and similarly situated individuals) worked, and to avoid paying Plaintiff Buele properly for his full hours worked.

62. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

63. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Buele and other similarly situated current and former employees.

64. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

65. Defendants failed to provide Plaintiff Buele and other employees with wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

66.     Defendants failed to provide Plaintiff Buele and other employees, at the time of hiring and on or before February 1st of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

67.     Plaintiff Buele brings his FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by defendants on or after the date that is three years before the filing of this Complaint (the "FLSA Class Period"), as employees of defendants (the "FLSA Class").

68.     At all relevant times, Plaintiff Buele, and other members of the FLSA Class who are and/or have been similarly situated, had substantially similar job requirements and pay provisions.

69.     At all relevant times, Plaintiff Buele, and other members of the FLSA Class who are and/or have been similarly situated, have been subject to the defendant's common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them

the minimum wage and overtime at a one and one-half times their regular rates for work in excess of forty (40) hours per workweek.

70.     At all relevant times, Plaintiff Buele, and other members of the FLSA Class who are and/or have been similarly situated, have been subject to the defendant's willful failure to keep records required by the FLSA.

71.     The claims of Plaintiff Buele stated herein are similar to those of the other employees.

**FIRST CAUSE OF ACTION**
**(VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)**

72.     Plaintiff Buele repeats and realleges all paragraphs above as though fully set forth herein.

73.     At all times relevant to this action, defendants were Plaintiff Buele's employer within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Buele, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

74.     At all times relevant to this action, defendants were engaged in commerce or in an industry or activity affecting commerce.

75.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

76.     In violation of 29 U.S.C. § 206(a), defendants failed to pay Plaintiff Buele at the applicable minimum hourly rate.

77.     Defendants' failure to pay Plaintiff Buele at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

78. Plaintiff Buele was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

79. Plaintiff Buele repeats and realleges all paragraphs above as though fully set forth herein.

80. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Buele overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

81. Defendants' failure to pay Plaintiff Buele, and the putative FLSA Class members, overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

82. Plaintiff Buele was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)

83. Plaintiff Buele repeats and realleges all paragraphs above as though fully set forth herein.

84. At all times relevant to this action, defendants were Plaintiff Buele's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Buele, controlled his terms and conditions of employment, and determined the rates and methods of any compensation in exchange for his employment.

85. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Buele less than the minimum wage.

86. Defendants' failure to pay Plaintiff Buele the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

87. Plaintiff Buele was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW)

88. Plaintiff Buele repeats and realleges all paragraphs above as though fully set forth herein.

89. Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Buele overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

90. Defendants' failure to pay Plaintiff Buele overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

91. Plaintiff Buele was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR)

92. Plaintiff Buele repeats and realleges all paragraphs above as though fully set forth herein.

93. Defendants failed to pay Plaintiff Buele one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Buele spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

94. Defendants' failure to pay Plaintiff Buele an additional hour's pay for each day Plaintiff Buele spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

95. Plaintiff Buele was damaged in an amount to be determined at trial.

### SIXTH CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

96. Plaintiff Buele repeats and realleges all paragraphs above as though fully set forth herein.

97. Defendants failed to provide Plaintiff Buele with a written notice, in English and in Spanish (Plaintiff Buele's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

98. Defendants are liable to Plaintiff Buele in the amount of $5,000, together with costs and attorney's fees.

### SEVENTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)

99. Plaintiff Buele repeats and realleges all paragraphs above as though set forth fully herein.

100. With each payment of wages, defendants failed to provide Plaintiff Buele with a

statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

101. Defendants are liable to Plaintiff Buele in the amount of $5,000, together with costs and attorney's fees.

### EIGHTH CAUSE OF ACTION
### (RECOVERY OF EQUIPMENT COSTS)

102. Plaintiff Buele repeats and realleges all paragraphs above as though set forth fully herein.

103. Defendants required Plaintiff Buele to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, such as work gear, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

104. Plaintiff Buele was damaged in an amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Buele respectfully request that this Court enter judgment against defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the

pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

    (b)    Declaring that defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Buele (including the prospective collective class members);

    (c)    Declaring that defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Buele (including the prospective collective class members);

    (d)    Declaring that defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Buele's (and the prospective collective class members') compensation, hours, wages, and any deductions or credits taken against wages;

    (e)    Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Buele (including the prospective collective class members);

    (f)    Awarding Plaintiff Buele (including the prospective collective class members) damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

    (g)    Awarding Plaintiff Buele (including the prospective collective class members) liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

    (h)    Declaring that defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Buele;

(i) Declaring that defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Buele;

(j) Declaring that defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Buele;

(k) Declaring that defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Buele's compensation, hours, wages and any deductions or credits taken against wages;

(l) Declaring that defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff Buele;

(m) Awarding Plaintiff Buele damages for the amount of unpaid minimum and overtime wages, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL, as applicable;

(n) Awarding Plaintiff Buele damages for the Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o) Awarding Plaintiff Buele liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p) Awarding Plaintiff Buele (including the prospective collective class members) pre-judgment and post-judgment interest as applicable;

(q) Awarding Plaintiff Buele (including the prospective collective class members the expenses incurred in this action, including costs and attorneys' fees;

(r) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Buele demands a trial by jury on all issues triable by a jury

Dated: New York, New York
          January 10, 2017

                                              MICHAEL FAILLACE & ASSOCIATES, P.C.

                                By:     /s/ Michael Faillace
                                              Michael Faillace [MF-8436]
                                              MICHAEL FAILLACE & ASSOCIATES, P.C.
                                              Michael A. Faillace [MF-8436]
                                              60 East 42nd Street, suite 2540
                                              New York, New York 10165
                                              Telephone: (212) 317-1200
                                              Facsimile: (212) 317-1620

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

January 5, 2017

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:            Bolivar Ramiro Buele Calle

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:         *[signature]*

Date / Fecha:              05 de enero de 2017